IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KOLTON JOE BAILEY BUSH, §
 §
    Petitioner, §
 §
v. § No. 4:20-CV-1227-Y
 §
BOBBY LUMPKIN, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Kolton Joe Bailey Bush, a state prisoner, against Bobby Lumpkin, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part as unexhausted and in part as time barred.

**I. Factual and Procedural History**

On March 29, 2016, in Hood County, Texas, Case No. CR13410, Petitioner entered an open plea of guilty to delivery of a controlled substance, psilocybin (mushrooms), of four grams or more but less than 400 grams, and was placed on eight years' deferred adjudication community supervision, fined $1500, and ordered to pay restitution and court costs. (Resp't's Answer, Ex. A, 11, doc. 14-1.) Subsequently, on December 2, 2019, upon the state's petition,

the trial court adjudicated Petitioner's guilt and sentenced him to 30 years' confinement. (Id. at 2.) Petitioner did not appeal the order of deferred adjudication or the judgment adjudicating guilt nor has he challenged the order or judgment in post-conviction state habeas-corpus proceedings. (Pet. 3-4 , doc. 10.) This federal habeas proceeding was initiated by Petitioner with a purported "Motion of Bare Bones," filed on October 16, 2020,[1] and construed as a petition for a writ of habeas corpus under § 2254 by the Dallas division of this Court before transfer to this division. (Pet. 1, doc. 3.)

## II. Issues

In his form petition, Petitioner raises the following grounds for relief:

(1) he received ineffective assistance from his trial counsel during the adjudication proceedings;

(2) his 30-year sentence is excessive; and

(3) his "information" was obtained in January 2016 by way of an illegal search and seizure.

(Form Pet. 6-7, doc. 10.)

Respondent asserts that Petitioner's first and second grounds are unexhausted for purposes of § 2254(b)(1) and that his third ground is untimely under the federal statute of limitations.

---

[1] A prisoner's pro-se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998). Because Petitioner's original petition does not provide that information, the document is deemed filed on the date Petitioner signed and "submitted" the document.

2

(Resp't's Answer 4, doc. 14.)

## III. Exhaustion

Grounds one and two involve matters relevant to Petitioner's adjudication proceedings. State prisoners seeking habeas-corpus relief under § 2254, however, are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). A post-conviction state petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through legislation effective May 13, 2021, of 2021 Legis. Sess.); *Alexander v. Johnson,* 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.,* 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Petitioner did not directly appeal the judgment adjudicating guilt and has not availed himself of the state post-conviction habeas remedy for purposes of exhausting the claims. Therefore, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of these claims. His failure to exhaust the claims in state court is excusable only if "there is an absence of available State corrective process" or "circumstances

3

exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). The first exception plainly does not apply as Petitioner may pursue state corrective process as to the claims in the form of a state habeas application under article 11.07. Nor does Petitioner assert, much less demonstrate, that circumstances exist which render such process ineffective.

Furthermore, to the extent Petitioner filed his original petition as a "protective petition" to allow him time to exhaust the claims in state court and avoid the running of the one-year federal statute of limitations, *see infra,* he has failed to file an accompanying motion to stay and abey, to pursue state habeas-corpus relief since filing the petition, or to establish good cause for his failure to exhaust. *See Rhines v. Weber,* 544 U.S. 269, 277–78 (2005).

Accordingly, his failure to exhaust cannot be excused. Dismissal of the petition, without prejudice, as to grounds one and two is therefore warranted so that Petitioner may exhaust his state-court remedy and return to this Court, if he so desires, after exhaustion has been properly and fully accomplished, subject to the federal statute of limitations.

## IV. Statute of Limitations

Ground three involves matters occurring before or during the original plea proceedings. The Antiterrorism and Effective Death

4

Penalty Act of 1996 (AEDPA), however, imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment becomes final by the expiration of the time for seeking direct review. Under this provision, the order of deferred adjudication became final upon expiration of the time that Petitioner had for filing a notice of appeal on April 28, 2016,

5

thirty days after the order was entered. TEX. R. APP. P. 26.2; *Caldwell v. Dretke,* 429 F.3d 521, 526–30 (2005). Therefore, the one-year term of the limitations statute began to run the next day and expired one year later on April 28, 2017, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner has not yet sought post-conviction state habeas-corpus relief nor demonstrated any basis for equitable tolling. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" that prevented him from filing a timely petition--or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner did not respond to Respondent's answer and, even assuming an actual-innocence claim applies in a guilty-plea context, he does not make an assertion of actual innocence. Accordingly, absent any applicable tolling, Petitioner's federal petition as to ground three was due on or before April 28, 2017. His original petition deemed filed on October 16, 2020, is therefore untimely.

For the reasons discussed, Petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED for failure to exhaust as to grounds one and two and as time barred as to ground three.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural rulings. Therefore,

a certificate of appealability should not issue.

SIGNED May 24, 2021.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE